HENRY H. HUSTIS, DEFENDANT IN ERROR, v. JAMES A. BANISTER COMPANY, PLAINTIFF IN ERROR.

Argued December 1, 1899—Decided March 5, 1900.

When a specific objection to the admission of testimony is obviated by further examination of the witness, and then the testimony is received without other objection, the party objecting is not entitled to contend on error that the testimony was objectionable on other grounds.

---

On error to the Supreme Court. For opinion of the Supreme Court, see 34 *Vroom* 465.

For the plaintiff in error, *Henry H. Dawson* and *Richard V. Lindabury.*

For the defendant in error, *Samuel Kalisch.*

PER CURIAM.

The only matter in the opinion of the court below which calls for any remark here is the suggestion that, although it might have been illegal for the plaintiff to put in evidence an admission made by the defendant's president as to the condition of things before the accident which was the ground of the plaintiff's suit, yet the defendant had removed that illegality by subsequently calling the president as a witness to deny having made the admission and to testify to a different condition.

The ground on which this court holds that the defendant cannot avail itself of the error, if any, committed in receiving the evidence is that the only objection made to the admission of the evidence was that the president did not appear to have had knowledge of the prior conditions, and when, on further examination, that objection seemed to be obviated, no further objection was interposed.

The defendant, therefore, is not at liberty to contend here that, whether the president had or had not knowledge, his subsequent admission on the subject was not legal evidence against the defendant.

The judgment below should be affirmed.

*For affirmance*—DEPUE, DIXON, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    9.

*For reversal*—None.